*Formatted for Electronic Distribution*                                                                                             *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
July 26, 2013

_____

**In re:**

    R. Brown & Sons, Inc.,                                        Chapter 11
        Debtor-in-Possession.                                Case # 13-10449

_____

*Appearances:*  Ray Obuchowski, Esq.                    Andre Bouffard, Esq.
                   Jennifer Emens-Butler, Esq.          Downs Rachlin Martin, PLLC
                   Obuchowski & Emens-Butler, PC     For Rathe Salvage, Inc.
                   For the Debtor-in-Possession

## ORDER
### DESIGNATING SHERIFFS AS CUSTODIANS AND STORAGE ENTITIES AS CUSTODIANS' AGENTS, AND DIRECTING CUSTODIANS AND AGENTS TO FILE ACCOUNTINGS PURSUANT TO 11 U.S.C. § 543(B)(2)

       Based upon the facts in the record and for the reasons set forth in the memorandum of decision of even date, THE COURT FINDS that

(1)     the Sheriff of Rutland and the Sheriff of Washington County are "custodians" in this case, as that term is defined in 11 U.S.C. § 101(11), and therefore, each is required to perform the duties of a custodian as set out in the Bankruptcy Code and Rules;

(2)     New England Quality Service, Inc. d/b/a Earth Waste & Metal Systems, and La Roche Towing and Recovery, Inc. are agents of these custodians, for purposes of this bankruptcy case;

(3)     these four entities must each file an accounting in satisfaction of the requirements of § 543 and Bankruptcy Rule 6002; and

(4)     these four entities are entitled to reimbursement and compensation, pursuant to § 543(c)(2), to the extent they apply for it and demonstrate the sums they seek are reasonable.

       Accordingly, IT IS HEREBY ORDERED that <u>by August 7, 2013</u>, the Sheriff of Rutland County, the Sheriff of Washington County, New England Quality Service, Inc. d/b/a Earth Waste & Metal Systems, and La Roche Towing and Recovery, Inc. each (i) file an accounting of all costs, fees or compensation they claim due from the Debtor in connection with the seizure and/or storage of the Debtor's equipment pursuant to the writ of execution obtained by Rathe Salvage, Inc., delineating separately the sums due for the pre-petition and post-petition time periods, with (ii) a statement setting forth the reasonableness of the sums they seek.

IT IS FURTHER ORDERED that by August 14, 2013, the Debtor, and any other party in interest who is taking a position with respect to the reasonableness of the sums sought by the custodians or their agents, shall file a response to the accountings; and the hearing on the Debtor's motions for a determination of the allowance and priority of claims and administrative expenses arising from the seizure and storage of its equipment, as well as on the accountings filed pursuant to this Order, shall proceed on August 27 at 10:30 am.

SO ORDERED.

_____
Colleen A. Brown
United States Bankruptcy Judge

July 25, 2013
Burlington, Vermont