**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

Filed & Entered
On Docket
August 23, 2013

In re:

    **R. Brown and Sons, Inc.**                    Chapter 11 Case
             **Debtor.**                          # 13-10449

Appearances:   Ray Obuchowski, Esq.                Andre Bouffard, Esq.
                     Jennifer Emens-Butler, Esq.       Downs Rachlin Martin, PLLC
                     Obuchowski and Emens-Butler, PC  Burlington, Vermont
                     Bethel, Vermont                     For Rathe Salvage, Inc.
                     For the Debtor-in-Possession

                                                     Stephen J. Craddock, Esq.
                                                       Berlin, Vermont
                                                       For LaRoche Towing and Recovery, Inc.

**MEMORANDUM OF DECISION
DENYING MOTION FOR RECONSIDERATION AND CANCELLING HEARING**

       The instant motion to reconsider argues that this Court's interpretation of the duties the Bankruptcy Code's custodian provision imposes upon the Debtor, and parties who were in possession of the Debtor's property on the date it commenced this bankruptcy case, is inconsistent with the manner in which post-judgment executions are conducted in Vermont. In particular, the movant disputes that it was acting as an agent of the Sheriff and resists asserting that its claim for storing the Debtor's equipment is against the Debtor.  It claims, instead, that it was an agent of the judgment creditor and it is the judgment creditor who is liable for the movant's storage charges. For the reasons set forth below, the Court finds that the movant has failed to establish a right to reconsideration, and therefore the Court's order determining the movant to be an agent of the custodian in this case stands.

JURISDICTION

       This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(A) and (B), on which it has authority to enter final judgment.

PROCEDURAL BACKGROUND

       On July 26, 2013, this Court entered a memorandum of decision and order (doc. ## 62, 63) designating the Sheriff of Washington County and the Sheriff of Rutland County as custodians of certain equipment of the Debtor that was levied upon prior to the bankruptcy filing, pursuant to 11 U.S.C. §

1

543.[1] That decision designated the two entities that stored the equipment, New England Quality Service, Inc. d/b/a Earth Waste and Metal Systems ("EWS") and LaRoche Towing and Recovery, Inc. ("LRT") as agents of the custodians. On August 8, 2013, one of those storage entities, LRT, filed a motion for reconsideration (doc. # 74). On that same day, the Court entered an order (doc. # 80) that set a briefing schedule and summarized its preliminary analysis as follows:

> Here, LRT appears to rely on two arguments in support of reconsideration. First, it argues that the Court erred in making a factual finding that the Sheriff entered into the arrangements with LRT and EWS for the storage of the seized equipment. Second, LRT asserts that the Court should reconsider its decision in order to avoid a deleterious effect on the system of enforcing Vermont writs of execution:
>
>> If this Court's Order is allowed to stand, it will change forever the way Writs of Execution are executed in the State of Vermont. Sheriffs will now be responsible for hiring a towing company with the understanding that the debtor, who may or may not have the financial resources to pay this bill, is responsible for the towing company's bill, to be paid, if at all, at some later, unknown date. It is hard to imagine that any towing service would be interested in such a "deal."
>
> (Doc. # 74, p.2.) Whether to grant reconsideration here is a close call. On the one hand, LRT had ample notice of the hearing held on July 23rd, which was the basis for the Court's order, and LRT neither appeared nor filed any document taking a position on who the custodian is in this case. This failure to appear or respond would ordinarily be a sufficient basis to deny the motion. On the other hand, LRT effectively points out that a precipitous change in the rules about sheriffs' levies on personal property in Vermont, and a new allocation of liability for the costs associated with sheriff levies on the debtor, could have significant policy consequences that were not fully considered prior to entry of the Court's order. Such a gap in the record would typically constitute cause to grant reconsideration. If LRT had timely identified the potentially far reaching and critical state law policy implications of this Court's designation of the Sheriffs as the custodians and the storage units as the custodians' agents in this case, and was prepared to present a legal and factual basis for its position, the Court would have taken those policy concerns into account in rendering its decision, and the motion to reconsider would not have been necessary. The question, then, is whether to grant reconsideration at this time, notwithstanding LRT's failure to raise the issue in a timely fashion.
>
> Without more information from LRT and others, the record is insufficient for the Court to make a determination on the motion to reconsider. LRT has not cited a single statute or case to support its position, the Sheriffs have not filed a statement of fees and expenses they incurred in levying on the Debtor's property, LRT has not filed an explanation for why it believes the storage charges it seeks are reasonable, and most importantly, LRT has not presented any contract it had for the storage of this equipment or explained why the plain language of 12 V.S.A. § 2731 and 11 U.S.C. §§ 101, 543* do not compel the Court's conclusions as to designation of the custodian and its agents, as well as the allocation of responsibility for the various charges incurred.

---

[1] All references are to Title 11 of the United States Code (the "Bankruptcy Code"), unless otherwise indicated.

(Doc. 74, pp 1-2). The judgment creditor, Rathe Salvage, Inc. ("Rathe") and LRT have timely filed memoranda of law (doc. ## 87 and 88, respectively), pursuant to the briefing schedule in that order. The Debtor and other parties in interest were given an opportunity to file a response to the LRT memorandum of law but have chosen not to do so, and hence the LRT deadline for a reply to those responses is now moot. Therefore, the Court considers the matter fully submitted. Moreover, based upon the thorough record with respect to this issue, and the need to address other pressing issues in this case, the Court finds no evidentiary hearing is necessary to adjudicate the motion to reconsider.

## APPLICABLE LEGAL STANDARD

The standard for granting a motion for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. "A 'motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.'" Archibald v. City of Hartford, 274 F.R.D. 371, 382 (D. Conn. 2011) (quoting Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996). "A motion to reconsider should not give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised prior on the original motion." In re Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Reconsideration of an earlier decision may be justified when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), cert. denied, 506 U.S. 820 (1992) (citation and quotation omitted). "However, 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964), cert. denied, 377 U.S. 934 (1964)). "A motion to reconsider is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (citation and quotation omitted). A motion to reconsider may not be used as "a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich, Ltd., 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (citations omitted). "Reconsideration of a previous order by the court lies squarely within the court's sound discretion." Id. (citing Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999)).

## ISSUE PRESENTED

In its memorandum of law, LRT narrows its request for reconsideration: it is no longer disputing this Court's determination that the Rutland and Washington County Sheriffs (the "Sheriffs") were custodians of the Debtor's equipment while that equipment was being held in storage pursuant to the Sheriffs' levy.  Rather, LRT now only seeks reconsideration of this Court's determination that LRT and EWS are agents of the custodians[2] (doc. # 88, p. 1).  LRT states "there is no case law that addresses [these] issues" and goes on to assert that under the facts of this case "it would be more appropriate to hold that the creditor, Rathe Salvage, Inc., was acting as the agent of the two [Sheriff] custodians" (doc. # 88, pp. 1-2). In support, LRT refers back to its motion for reconsideration in which it attached an affidavit of Washington County Sheriff W. Samuel Hill, which recounts that Rathe contacted LRT to make the arrangements for towing and storage, and that when LRT contacted Hill in regards to who to bill, Hill advised him to bill Rathe (doc. # 74, pp. 3-5).  Additionally, LRT points to an affidavit of Paul Beede, the owner of LRT, attached to its memorandum of law, in which Beede states that Rathe made all arrangements for the storage of the equipment, and that Beede contacted Sheriff Hill after the equipment was stored at his lot, and Hill informed him that Rathe was responsible for LRT's fees (doc. # 88, p. 4). Thus, LRT asserts that Rathe (rather than the Sheriffs) hired LRT, and claims that but for Rathe taking financial responsibility for all costs incurred, neither the Sheriffs nor LRT would have performed the services necessary to levy upon the Debtor's equipment as a means of satisfying Rathe's judgment. For purposes of this motion, the Court accepts these facts as true and addresses the legal issue on that basis.

## DISCUSSION

It is critical to focus on the context in which the duties of the custodians and their agents are being addressed at this time, namely in a bankruptcy case.  The salient issues before this Court are (1) the duty of the custodians and their agents to account for all property held as of the date of the filing, pursuant to § 543, and (2) the nature and amount of the claims the custodians and their agents hold against the Debtor, under § 502. It is not the role of this Court to determine the rights the Sheriffs and/or the storage companies might have against Rathe, whether Rathe entered into a contract with the storage companies assuming liability for their services, or whether Sheriffs acting under the pertinent Vermont statute may seek reimbursement or compensation from parties other than the judgment debtor.  As Rathe

---

[2] Although LRT seeks reconsideration of the Court's determination that both EWS and LRT are agents of the custodian sheriffs, LRT's motion for reconsideration, memorandum of law, and all affidavits filed in support of LRT's position are silent with respect to EWS's role as an agent for the Rutland County Sheriff.  Further, neither EWS nor the Rutland County Sheriff has filed any document challenging the Court's designation of EWS as an agent of the custodians.

4

accurately points out in its memorandum, these are all issues to be determined by the state court (doc. # 87, p. 4).

The controlling Vermont statute is unequivocal that the judgment debtor is responsible for the costs of the levy and of the safe keeping of property upon which the designated officer (here, the county sheriff) levies, and the officer is charged with the duty of levying upon and protecting the property:

> <u>Levy on Personal Property</u>: When the execution with costs is not paid on demand **the officer shall levy** the same upon the goods or chattels of the debtor or such as are shown him by the creditor, and the same **shall be safely kept by the officer at the debtor's expense**, until sold or the execution is otherwise satisfied.

12 V.S.A. § 2731 (emphasis added). There is no dispute here that: (a) the Sheriffs levied upon the Debtor's equipment pre-petition; (b) rather than store the equipment on the Sheriffs' property, the property was stored on the property of, and under the control and protection afforded by, EWS and LRT; (c) Rathe has paid the Sheriffs' fees and has also paid for all towing expenses incurred in moving the equipment from the Debtor's premises to the business locations of EWS and LRT; (d) EWS and LRT have not been paid for their storage of the Debtor's equipment; and (e) the equipment has been released to the Debtor, pursuant to an order of this Court approving a stipulation between the Debtor and Rathe (doc. ## 34, 39).

Whether some other party may have secondary or contingent liability for the storage fees or other expenses the Sheriffs incurred in carrying out their levy on the Debtor's equipment does not alter this Court's determination that the storage companies were acting as the Sheriffs' agents in storing the equipment. The statute is clear that the duty to keep the property safe through the date the property is sold or the execution is satisfied falls squarely and solely on the custodian (here, the Sheriffs). Based upon the affidavits LRT filed, and for purposes of this case, it appears that Vermont sheriffs may decline judgment creditors' requests to levy on personal property and incur expenses associated with levies without a guarantee of payment from the judgment creditor or other third party. However, that does not in any way mitigate the officer's responsibility over the levied-upon property until that property is sold or the execution is satisfied. 12 V.S.A. § 2731. LRT has not presented any case law that authorizes the shifting of responsibility for oversight of the property from the officer to the judgment creditor, or authorizes the shifting of responsibility for the expenses of the levy and safe-keeping from the judgment debtor to the judgment creditor.[3]

This Court's research reveals that Vermont case law on post-judgment executions and levies, dating from 1840, consistently declares that it is the officer who has the duties of levy and safe-keeping of the property, and the debtor who is liable for all expenses related to the levy. See <u>Templeton v. Capital Sav.</u>

---

[3] LRT argues that this Court's earlier decision may lead parties to conclude that sheriffs can no longer contract with judgment creditors to assume financial responsibility for costs related to levies on personal property (doc. # 74, p.2). This Court makes no such determination. Rather, it applies the straightforward allocation of duties in the pertinent state statute to satisfy the requirements of the Bankruptcy Code. It is up to the state courts to determine whether, to what extent, and under what circumstances these statutory responsibilities may be shifted. Therefore, the Court finds no risk of manifest injustice.

Bank & Trust Co., 76 Vt. 345 (1904) (when property has been attached by an officer, the officer shall remove or take it into his possession whenever the care, safety, or preservation of the property so requires); McNeil v. Bean, 32 Vt. 429, 431 (1859) (it is pursuant to the statute, not any contract, that a defendant becomes liable to the officer for the charges of keeping the attached property); Felker v. Emerson, 16 Vt. 653 (1844) (the rule in regard to property attached on mesne process is the same as that prescribed by the statute in the case of property taken upon execution – that it "shall be safely kept at the expense of the debtor"); Dean v. Bailey, 12 Vt. 142 (1840) (when personal property is attached, it is to be kept at the expense of the debtor).

LRT has not identified any intervening change of controlling law, pointed to the availability of new evidence, or persuaded the Court that it must modify its decision to correct a clear error or prevent manifest injustice. In sum, it has failed to demonstrate grounds for this Court to reconsider its determination that under Vermont law EWS and LRT were acting as agents of the Sheriffs, and therefore, under the Bankruptcy Code, they have a claim against the Debtor.

## CONCLUSION

Assuming *arguendo* the facts presented by LRT are true, for reasons set forth above, the Court still finds that LRT has failed to demonstrate grounds for reconsideration. Accordingly, the Court's order designating EWS and LRT as agents of the custodian for purposes of § 543 stands, and the evidentiary hearing on LRT's motion for reconsideration is cancelled.

August 23, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

6